IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DOUGLAS WALKER**                                                       **PETITIONER**

**v.**                                                         **No. 4:24CV80-MPM-DAS**

**WARDEN HENRY FELTON**                                      **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Douglas Walker for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Walker has responded to the motion; the State has replied, and Walker has submitted additional briefing. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice as untimely filed.

**Facts and Procedural Posture**[1]

Walker is currently in the custody of the Mississippi Department of Corrections (MDOC) on his 2015 Bolivar County convictions and sentences for sexual battery and fondling. In the instant petition for writ of *habeas corpus*, Walker challenges those 2015 convictions and sentences, claiming that trial counsel had a conflict of interest during his representation. Docs. 1, 3. Walker also seeks an evidentiary hearing. Doc. 3 at 25–26.

**Convictions and Sentences**

On June 11, 2015, a jury found Walker guilty of sexual battery and fondling. **Exhibit A**[2]

---

[1] The court has drawn the facts and procedural posture from the State's motion to dismiss the instant petition for writ of *habeas corpus*, as they are both well-documented and uncontested.

[2] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

(Trial Judgment); *see also* Doc. 9-1 at 33, 50–51; Doc. 9-5 at 26–27 (SCR, Cause No. 2016-KA-01442-COA, Vol. 1 at 32, 49–50; Vol. 5 at 478–79). On August 20, 2015, the trial court sentenced Walker to serve concurrent sentences of twenty-five years for sexual battery, with five years suspended, and ten years for fondling in MDOC custody. **Exhibit B** (Judgment); Doc. 9-1 at 53–56; Doc. 9-5 at 76–83 (SCR, Cause No. 2016-KA-01442-COA, Vol. 1 at 52–55; Vol. 5 at 528–35).

### Direct Appeal

Walker, through counsel, appealed his convictions and sentences and argued that: (1) the evidence was insufficient to support his sexual battery conviction; (2) his sexual battery and fondling convictions merged, violating his rights under the Double Jeopardy Clause; (3) his fondling indictment did not put him on adequate notice of the charge, violating his right to due process; and (4) he reserved any ineffectiveness issues that were not fully apparent from the record. Doc. 9-7 (SCR, Cause No. 2016-KA-01442-COA, Briefs). The Mississippi Court of Appeals rejected Walker's assignments of error and affirmed his convictions and sentences on June 19, 2018. **Exhibit C** (*Walker v. State*, 262 So. 3d 560 (Miss. Ct. App. 2018)).

### Post-Conviction Proceeding

More than five years later, in March 2024, Walker sought post-conviction relief in the Mississippi Supreme Court. Doc. 9-10 (SCR, Cause No. 2024-M-345, PCR Folder). He argued that his counsel was ineffective due to a conflict of interest, along with other constitutional claims based on that perceived conflict of interest. Doc. 9-10 (SCR, Cause No. 2024-M-345, PCR Folder). On May 7, 2024, the Mississippi Supreme Court denied Walker's petition and determined that it was "time-barred and fail[ed] to meet any exceptions thereto." **Exhibit E**; Doc. 9-10 at 2 (SCR, Cause No. 2024-M-345, PCR Folder).

**Federal Petition for Writ of *Habeas Corpus***

Walker dated his federal petition for writ of *habeas corpus* and supporting memorandum on July 15, 2024, and those pleadings were filed in this court on August 27, 2024. Docs. 1, 3. He argues the same conflict-of-interest claims against his trial counsel that he argued in his state post-conviction proceeding. Docs. 1, 3. He argues that because his trial counsel was running for county court judge in Coahoma County during his representation of Walker, counsel had a conflict of interest. Docs. 1, 3. He also alleges other constitutional violations related to his trial counsel's perceived conflict of interest. *Id*. Additionally, Walker requests an evidentiary hearing. Doc. 3 at 25–26.

As to the timeliness of his petition, Walker argues that "the one-year statute of limitations contained in 28 U.S.C. § 2244(d) should not bar [him] … because [his] family some how found out in February of 2023" that his trial counsel "Wilbert L. Johnson ran for county judge in 2013–2014 in Coahoma County, Mississippi." Doc. 1 at 17; *see* Doc. 3 at 19, 24, 27. Walker states that "it wasn't until April 26, 2023, when [he] received a copy of the Official Recapitulation 2014 General Election Documentation … showing that" his trial counsel "ran for Circuit Court Judge in 2013–2014 in Coahoma County, Mississippi." Doc. 1 at 18; *see* Doc. 3 at 19, 24, 27. He attaches a copy of the "free public records act" letter to the Coahoma County Chancery Clerk dated April 26, 2023, requesting a copy of records showing when his trial counsel "held an elected office in Coahoma County, Mississippi when he was running for County Court Judge both, between 2013 and 2019." Doc. 3-5. He also attaches a copy of "the Official Recapitulation 2014 General Election Documentation" showing that his trial counsel ran for county court judge in Coahoma County. Doc. 3-3.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation

    period shall run from the latest of –

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

**Walker's Conviction Became Final on April 24, 2019**

The Mississippi Supreme Court denied Walker's request for certiorari review on January 24, 2019. **Exhibit D**; Doc. 9-10 at 2 (SCR, Cause No. 2016-KA-1442, Certiorari Folder). Walker did not petition the United States Supreme Court for a writ of certiorari, so his judgment became final under Antiterrorism and Effective Death Penalty Act (AEDPA) when the 90-day period for doing so expired on April 24, 2019. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13.1 and 13.3; *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that when a petitioner fails to seek certiorari review in the Supreme Court, "the judgment becomes final at the 'expiration of his time for seeking such review'—when the time for pursuing direct review in [the Supreme Court], or in the state court, expires").

Under 28 U.S.C. § 2244(d)(1)(A), Walker had one year from April 24, 2019 – until April 24, 2020 – to file a federal *habeas corpus* petition in this court (without statutory or equitable tolling or

other applicable exception). *See* 28 U.S.C. § 2244(d). As discussed below, the petitioner is not entitled to the "factual predicate" start date of his one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(D), to statutory tolling, or to equitable tolling. Walker's 2024 federal *habeas corpus* petition is thus untimely and will be dismissed with prejudice.

**Factual Predicate Exception of 28 U.S.C. § 2244(d)(1)(D) Does Not Apply**

Walker bases his conflict-of-interest arguments on the fact that trial counsel was running for county court judge in neighboring Coahoma County while he was representing Walker.[3] The petitioner retained defense counsel in October 2013, and he was convicted on June 11, 2015. Doc. 3-2; **Exhibit A**; Docs. 1, 3. Walker argues that he did not know about his trial counsel's election until his family discovered it in February 2023. Doc. 1 at 17–18; Doc. 3 at 19, 24, 27. He also states that he received a copy of the documentation confirming his trial counsel's bid for county court judge on April 26, 2023. Doc. 1 at 17–18; Doc. 3 at 19, 24, 27. He attaches to his petition a copy of his "free public records act" letter to the Coahoma County Chancery Clerk dated April 26, 2023, requesting a copy of records showing when his trial counsel "held an elected office in Coahoma County, Mississippi when he was running for County Court Judge both, between 2013 and 2019." Doc. 3-5. He also attaches a copy of "the Official Recapitulation 2014 General Election Documentation" showing that his trial counsel ran for county court judge in Coahoma County. Doc. 3-3.

Under AEDPA's factual-predicate provision, a petitioner's one-year statute of limitations

---

[3] Walker's exhibits confirm that defense counsel ran for *county court* judge, but Walker's criminal case was in *circuit court*. Hence, the court cannot discern a conflict of interest by counsel's representation of Walker in circuit court. Indeed, it is unclear how defense counsel's decision to seek a judicial position would constitute a conflict of interest, regardless of the court. If elected, the new judge would be required to recuse himself from any case involving the petitioner – avoiding a conflict of interest.

runs from "the date on which the factual predicate of the claim or claims presented *could have been discovered through the exercise of due diligence*." 28 U.S.C. § 2244(d)(1)(D) (emphasis added). "[A] petitioner's diligence must merely be 'due' or 'reasonable' under the circumstances." *Starns v. Andrews*, 524 F.3d 612, 619 (5th Cir. 2008).

A factual predicate start date "means the date a petitioner is *on notice* of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *Osborne v. Hall*, 934 F.3d 428, 432 (5th Cir. 2019) (emphasis added) (quoting *In re Davila*, 888 F.3d 179, 189 (5th Cir. 2018)). Notably, "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, in this case more than [a decade], while a *habeas* petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). "The essential question is … whether the petitioner should be expected to take actions which would lead him to the information." *Osborne*, 934 F.3d at 434 (citation omitted).

Walker does not explain his near decade-long delay in discovering that his trial counsel ran for county court judge (from October 2013 until February 2023). He merely states that his family learned about it in February 2023 – and that he submitted a public records request for confirmation in April 2023. County elections are, however, public knowledge, and he acknowledges that Coahoma County "is a county within the same second circuit court district as Bolivar County." Doc. 3 at 27. As the information was publicly available, Walker has not explained why he could not have discovered his trial counsel's election information earlier "through the exercise of due diligence."

Hence, the factual predicate provision under § 2244(d)(1)(D) does not provide Walker a later start date to his one-year federal habeas statute of limitations. His petition is untimely

under § 2244(d)(1)(A).[4]

### Statutory Tolling Does Not Apply

To enjoy statutory tolling of the one-year federal *habeas corpus* limitations period, Walker must have "properly filed" an application for post-conviction relief *before* April 24, 2020, the expiration of the limitations period, but he did not. *See* 28 U.S.C. § 2244(d); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings").

Walker filed his *pro se* state motion for post-conviction collateral relief in March 2024 – nearly four years *after* his federal *habeas corpus* limitations period expired on April 24, 2020; as such, statutory tolling is not available to render his petition timely. *See Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (petitioner was not entitled to statutory tolling because "he never 'properly filed' a state *habeas* application during the limitations period"). In addition, the Mississippi Supreme Court denied Walker's PCR motion as untimely, clearly showing that the application was not "properly filed" under § 2244(d)(2) – and precluding statutory tolling. *See also Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (a state post-conviction motion rejected by the state court as untimely "was not 'properly filed'" – thus would not support a claim for statutory tolling under § 2244(d)(2)").

For these reasons, Walker is not entitled to statutory tolling during the pendency of his state post-conviction proceeding, and his federal *habeas corpus* petition remained due in this court by April 24, 2020.

---

[4] Walker has not explained why he waited until March 2024 to seek state post-conviction relief, more than a year *after* he discovered that trial counsel ran for county court judge wile representing him. Thus, even if Walker had presented a valid argument to support a factual-predicate start-date to his AEDPA statute of limitations, his petition would still be untimely.

**Equitable Tolling Does Not Apply**

Neither does the petitioner enjoy equitable tolling of the limitations period. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). The one-year limitations period of AEDPA in 28 U.S.C. § 2244(d) is not jurisdictional; thus, it is subject to equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 645–46 (2010), *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir.2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

An "extraordinary circumstance" "must result from external factors beyond [a petitioner's] control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (citation omitted). An ordinary claim of excusable neglect by the petitioner does not support equitable tolling. *See Holland*, 560 U.S. 649–53.

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). To meet his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his [*habeas corpus* petition]."

*Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed. 2d 924 (2007) (applied in the context of the one-year limitations period under 28 U.S.C. § 2255). The petitioner need only show "reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653, 130 S. Ct. 2549, 2565, 177 L. Ed. 2d 130 (2010) (internal citations and quotations omitted). A petitioner's delay of four months can show that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

### No Extraordinary Circumstance to Support Equitable Tolling

The reasons Walker has offered to excuse his untimely filing do not rise to the level of an "extraordinary circumstance" supporting his claim of equitable tolling. A *pro se* prisoner's ignorance of the law or limited access to outside information does not constitute a rare and exceptional circumstance to excuse untimely filing. *Sutton v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013) ("neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling"); *see also Alexander*, 294 F.3d at 629 (quoting *Fisher*, 174 F.3d at 713–14) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"). Similarly, neither proceeding *pro se*, a deficient prison law library, nor lack of knowledge of filing deadlines, constitutes a "rare and exceptional circumstance" to justify equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000). Finally, the delay Walker describes (in discovering that his trial counsel was running to become a county court judge) is not an "external factor beyond his control" and does not constitute an "extraordinary circumstance" sufficient to support equitable tolling. Walker has not presented a valid "extraordinary circumstance" to warrant equitable tolling of the *habeas corpus* limitations period.

### Walker Did Not Diligently Pursue His Rights

In addition to showing that an extraordinary circumstance prevented him from timely filing

his *habeas corpus* petition, Walker must also show that he pursued his rights diligently. *Holland*, 560 U.S. at 649); *see also Alexander,* 294 F.3d at 629 (holding that equitable tolling does not apply "where the applicant failed to diligently pursue *habeas corpus* relief under § 2254"). Determining "reasonable diligence" in the equitable tolling context is a "fact-intensive inquiry" resolved by comparing the petitioner's diligence to that of others in similar circumstances. *Holland,* 560 U.S. at 653–54; *Palacios*, 723 F.3d at 605. Further, to demonstrate diligence, Walker must show a "causal relationship" between the extraordinary circumstance and his delay. *Smith*, 848 F. App'x at 628. The petitioner cannot prove such a relationship "if [he], acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstance." *Id.* "[E]quitable tolling is unavailable to 'those who sleep on their rights.'" *Huley v. Thaler*, 421 F. App'x 386, 390 (5th Cir. 2011) (citation omitted).

      The facts of this case do not support Walker's invocation of equitable tolling because he did not pursue his rights diligently. First, he waited more than five years after his convictions were affirmed to seek state post-conviction collateral relief (January 2019 to March 2024). Further, he waited nearly a year from the time he discovered that his counsel had run for county court judge before filing his state post-conviction motion. Each of these delays far exceeds four months, which the Fifth Circuit has found to defeat a claim of equitable tolling. *See Melancon, supra*, at 408. Walker does not enjoy equitable tolling to render his petition timely.

### Timeliness Calculation

      Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000)

(citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on July 15, 2024, and the date it was received and stamped as "filed" in the district court on August 27, 2024. The instant petition was thus filed more than four years after the April 24, 2020, filing deadline.

### Evidentiary Hearing Is Not Warranted

Walker also requests an evidentiary hearing. Requests for an evidentiary hearing are evaluated under 28 U.S.C. § 2254(e)(2). *Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000). When a *habeas corpus* petitioner has not developed the factual basis of a claim, his entitlement to an evidentiary hearing is restricted to the narrow exceptions of subsection (e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the application shows that–
>
> (A) the claim relies on–
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

These exceptions apply where the failure to develop the facts of the petitioner's claim is solely the result of a decision or omission of the petitioner himself. *Murphy*, 205 F.3d at 815. Overcoming the restrictions in § 2254(e)(2) does not, however, guarantee a petitioner an evidentiary hearing, it merely "opens the door for one;" the district court retains the discretion to

grant or deny an evidentiary hearing. *Id.* Further, a full and fair hearing does not necessarily require live testimony; a "paper hearing" can be sufficient to afford a petitioner a full and fair opportunity to present factual issues pertinent to his case. *Id., see also Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). Finally, where a district court has before it enough facts to make an informed decision regarding the merits of a claim, the court may refuse to grant an evidentiary hearing, even where the state court made no explicit factual findings. *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

The court has reviewed the file and records of this case, has applied the analysis above, and has not encountered any claims the petitioner raises requiring an evidentiary hearing. The petitioner can present his claims in written form without the need for a live hearing. For this reason, the petitioner's request for evidentiary hearing is denied.

### Petitioner's Response and Additional Briefing

Walker responded [11] to the State's motion [10] to dismiss; the State replied [12], and the petition filed additional briefing [14]. His additional argument is unavailing. The issue before the court is the timeliness of the instant petition; however, none of the cases Walker relies upon touch on this issue. *Wingo v. Wedding*, 418 U.S. 461 (1974) (Doc. 11 at 3) involves an issue regarding an evidentiary hearing. Neither does *Christeson v. Roper*, 574 U.S. 373 (2015) apply, as it involves determining whether federally appointed counsel should have been substituted in a capital case – and whether he had a conflict of interest. In *Cuyler*, the Court addressed claims of conflict of interest, ineffective assistance of counsel, and other issues – not timeliness. *Cuyler v. Sullivan*, 446 U.S. 335 (1980) (Doc. 11 at 5). Finally, *Martinez* held that ineffective state post-conviction counsel could establish cause to overcome a procedural default of a substantial claim that trial counsel was ineffective (though, as Walker, himself, proceeded

*pro se* during his pursuit of state post-conviction collateral relief, *Martinez* has no application in the present case). Ultimately, none of these cases involve timeliness under 28 U.S.C. § 2244(d); as such, none apply to this case.

In addition, Walker states that "[the State] did not reveal th[e Mississippi] Supreme Court['s] Order [denying his certiorari petition] to this Federal Court." Doc. 11 at 4. Thus, he argues that he "did exhaust[] his state remedies." Doc. 11 at 4. This exhaustion argument does not involve the sole issue in this case: timeliness of the instant *habeas corpus* petition. However, as Walker did not seek certiorari review with the United States Supreme Court, his judgment became final under AEDPA when his 90-day period for doing so expired on April 24, 2019." Doc. 10 at 6 (citing 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13.1 and 13.3; *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)). Walker's certiorari argument is without substantive merit.

## Conclusion

For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 29th day of September, 2025.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI